# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HUGO CHAVEZ-CADENAS,

                Petitioner,

    v.                                        CASE NO. 11-3058-RDR

UNITED STATES OF AMERICA,

                Respondent.

HUGO CHAVEZ-CADENAS,

                Petitioner,

    v.                                        CASE NO. 11-3071-RDR

UNITED STATES OF AMERICA,

                Respondent.

## O R D E R

Before the court are two essentially identical pro se petitions[1] seeking habeas corpus relief under 28 U.S.C. § 2241, submitted by a prisoner currently incarcerated in a federal facility in New Jersey.

Court records disclose that petitioner was convicted in the District of Kansas on drug charges. *See U.S. v. Chavez-Cadenas*, Case No. 09-20005-KHV. On November 1, 2010, the Tenth Circuit Court of Appeals affirmed the district court's denial of petitioner's motion for relief under 28 U.S.C. § 2255. Petitioner now seeks relief under §2241, asserting two claims previously raised and rejected in petitioner's § 2255 motion, and an additional claim that

---

[1] It appears the only difference between the two petitions is the date of petitioner's signature. The court dismisses the latter filed petition as a duplicative pleading.

he is entitled to withdraw his plea.

Generally, "'[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A [motion under 28 U.S.C. § 2255] attacks the legality of detention, and must be filed in the district that imposed the sentence.'" *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir.2000)(*quoting Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)). The distinction between actions brought pursuant to § 2241 and § 2255 is well-established. Section 2241 "is not an additional, alternative, or supplemental remedy to ... § 2255." *Bradshaw*, 86 F.3d at 166. Rather, a petitioner may challenge the validity of a conviction under § 2241 only if it is shown that the remedy under §2255 is "inadequate or ineffective". *Id*. The fact that a petitioner has been denied relief under § 2255 is not sufficient to show the remedy is inadequate. *Id*.

In the present case, petitioner is not incarcerated in the District of Kansas, thus this court clearly lacks jurisdiction to consider the petition. Also, given the nature of petitioner's claims, the court finds transfer of this § 2241 action to the district where petitioner is presently confined would not be in the interests of justice because there is no suggestion on the face of petitioner's pleading that he could satisfy the burden of showing the remedy afforded under § 2255 is inadequate or ineffective.

To any extent petitioner may be attempting to seek additional review under § 2255 in the District of Kansas, petitioner is advised he must seek and obtain authorization from the Tenth Circuit Court of Appeals to pursue such relief in a second or successive § 2255 motion in the sentencing court.

IT IS THEREFORE ORDERED that the petition submitted in Case No. 11-3058-RDR seeking habeas corpus relief under 28 U.S.C. § 2241 is dismissed without prejudice for lack of jurisdiction.

IT IS FURTHER ORDERED that the petition submitted in Case No. 11-3071-RDR is dismissed as a duplicative filing.

DATED:  This 13th day of April 2011, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge